FILED
IN THE DISTRICT COURT

AUG 2 1 2015

IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY
STATE OF OKLAHOMA

POTTAWATOMIE COUNTY, OK
**VALERIE UELTZEN, COURT CLERK**
BY _____ DEPUTY

KATHRYN CARTER,                          )
                                         )
                Plaintiff,               )
                                         )
v.                                       )   Case No.: CJ-2015- _292_
                                         )
SAFECO INSURANCE COMPANY                 )
OF AMERICA,                              )
                                         )
                Defendant.               )

## PETITION

COMES NOW the Plaintiff, Kathryn Carter, and for her causes of action against Defendant Safeco Insurance Company of America, alleges and states as follows:

### I. JURISDICTION AND VENUE

1.      Plaintiff Kathryn Carter ("Kathryn") is a citizen of the State of Oklahoma and resident of Pottawatomie County, State of Oklahoma.

2.      Defendant Safeco Insurance Company of America ("Safeco") is an insurance company incorporated in New Hampshire and licensed to and engaged in the business of insurance in the State of Oklahoma, including Pottawatomie County.

3.      The events which give rise to this lawsuit occurred in Shawnee, Pottawatomie County, Oklahoma.

4.      The District Court in and for Pottawatomie County has jurisdiction over the partiers 12 O.S. §§ 137, 141, and 187.

### FACTS

5.      Plaintiff hereby adopts and alleges each of the facts and allegations set forth in paragraphs 1-4 above.



EXHIBIT
2

6.     Around noon on December 18, 2014, Plaintiff was driving North on North Harrison Street when she came to a complete stop at a red light.  Once Plaintiff had come to a complete stop, a distracted driver struck her from behind and forced Plaintiff into the car in front of her.

7.     At the time of the accident, Plaintiff was an insured for uninsured/underinsured motorist ("UM") coverage under a policy issued by Defendant, with UM policy limits in the amount of $25,000.00.

8.     Plaintiff was taken to the emergency room at St. Anthony Shawnee Hospital for severe pain in her back, shoulders, and neck.  As a result of the wreck, Plaintiff suffered from pain in her neck that radiated down into her upper back and shoulder blades, headaches from the neck pain and pain in her lower back that occasionally radiated down into her lower extremities.

9.     In early January of 2015, Plaintiff began treatment for her injuries with Dr. Leinen, who put her on a conservative treatment plan that included physical therapy, an anti-inflammatory prescription, and prescriptions for muscle pain and spasms.  On January 13, 2015, Plaintiff's counsel sent correspondence to Defendant to confirm his representation of Plaintiff and to advise that because there may be inadequate liability coverage, Plaintiff's UM coverage may be applicable.  (*Letter from Tom Ventura to Defendant*, 01/13/15 attached Exhibit "1").  Plaintiff's counsel requested the UM policy limits of Plaintiff's policy, as well as a copy of the Declarations Page of the policy.  (Exhibit "1").

2

10.    On January 22, 2015, Defendant responded and requested documentation, including medical bills, medical records, and authorizations for medical and lost wages. (*Letter from Mark Walczyk*, 01/22/15, attached as Exhibit "2").

11.    On February 6, 2014, due to Plaintiff's ongoing pain despite physical therapy, Dr. Leinen referred Plaintiff for MRIs of the cervical and lumbar spine to determine appropriate treatment options. The MRIs revealed a disc herniation at L4-5.

12.    After the MRIs, Plaintiff continued to improve with physical therapy and oral medications and, thus, was released from Dr. Leinen's care on March 6, 2015.

13.    Subsequently, on March 27, 2015, Plaintiff's counsel sent Defendant a demand package, demanding the $25,000.00 policy limits and requesting that Defendant evaluate the claim pursuant to *Burch v. Allstate Ins. Co.*, 1998 OK 129, 977 P.2d 1057. (*Letter from Tom Ventura to Kelly Bradford*, 03/27/14, attached as Exhibit "3")[1]. Along with the demand package, Plaintiff's counsel provided copies of Plaintiff's medical bills and medical records, as well as an itemized breakdown of the medical bills. (Exhibit "3"). At the time of the demand, Plaintiff had been billed a total of $11,515.55 for the medical treatment received as a result of the wreck. (Exhibit "3").

14.    Shortly thereafter, Plaintiff's counsel sent Defendant a summary of the total amount of medical bills arising from the car wreck that had been paid by Medicare, as Medicare would need to be reimbursed from any UM payments made on Plaintiff's behalf.

---

[1] The demand package was a total of 108 pages because it included all medical records and medical bills. As a result, only the correspondence itself has been attached as Exhibit "3".

15.   On April 22, 2015, Defendant requested from Plaintiff's counsel "the full Conditional Payment Letter showing the breakdown of payments made [b]y Medicare as well as the reductions/adjustments taken on any bills related to [the] accident." (*Email from Kelly Bradford to Tom Ventura*, 04/22/15, attached as Exhibit "4"). The next day, Plaintiff's counsel emailed Defendant and asked why the Conditional Payment Letter was necessary in order for it to evaluate Plaintiff's UM claim and requested any legal authority supporting a reduction in the evaluation of an insured's UM claim based upon reductions/adjustments in the medical bills paid by Medicare. (*Email from Tom Ventura to Kelly Bradford*, 04/23/15, attached as Exhibit "5"). In response, Defendant claimed that, "[i]n order for us to evaluate and resolve the claim, we have to protect Medicare's interest and we aren't able to do so until we have the Conditional Payment Letter…we will have to wait until we have a copy of the Conditional Payment Letter to complete our evaluation of this case." (*Email from Kelly Bradford to Tom Ventura*, 04/24/15, attached as Exhibit "6").

16.   For the next three months, Defendant continued to refuse to evaluate Plaintiff's claim without the Conditional Payment Letter.  On July 20, 2015, Plaintiff's counsel forwarded the Conditional Payment Letter to Defendant. (*Emails between Kelly Bradford and Tom Ventura*, 07/20/15-07/21/15, attached as Exhibit "7").

17.   Defendant still has not evaluated Plaintiff's claim or responded to the demand sent to Defendant in March of 2015.

18.   Plaintiff complied with Defendant's claims handling procedures and investigation for this loss, including but not limited to providing Defendant with

4

requested claims forms and information as well as copies of the medical bills and records relating to the treatment she received as a result of the wreck.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19.    Plaintiff hereby adopts and realleges each of the facts and allegations set forth in paragraphs 1-18 above.

20.    Plaintiff is entitled to payment of UM benefits available under the policy provided to Plaintiff by Defendant, which Defendant has refused to pay.

21.    Defendant's refusal to issue UM benefits for Plaintiff's claim is a denial of the contractual benefits due and owing to her.

22.    Therefore, Defendant has breached the contract of insurance.

23.    As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

24.    Plaintiff hereby adopts and realleges each of the facts and allegations set forth in paragraphs 1-23 above.

25.    As an insurance company licensed to do business in the State of Oklahoma, Defendant is bound by Oklahoma statutory and common law to honor its contractual obligations to its insureds in good faith.  As such, Defendant has and continues to have a duty to deal fairly and in good faith with Plaintiff, its insured.

26.    Defendant breached its duty to deal fairly and in good faith with Plaintiff by failing to conduct a full, fair and timely investigation into the nature and extent of Plaintiff's injuries suffered in the wreck at issue and promptly and fairly evaluating

Plaintiff's claim.   This includes an unreasonable refusal by Defendant to evaluate Plaintiff's claim without the Conditional Payment Letter for Plaintiff.

27.   Defendant breached its duty to deal fairly and in good faith with Plaintiff by placing unnecessary obstacles in front of Plaintiff in order to delay and refuse to evaluate Plaintiff's claim.  Upon information and belief, Defendant placed these obstacles in front of Plaintiff in an attempt to save Defendant money by the manner in which it would evaluate Plaintiff's claim.

28.   Defendant breached its duty to deal fairly and in good faith with Plaintiff because Defendant has a claims handling system that encourages and incentivizes claims employees to delay evaluation of UM claims by placing unnecessary obstacles in the way of insureds to receive properly owed benefits as well as find ways to reduce the evaluation of UM claims.   Defendant encourages this type of claims handling environment through the training and supervision of its claims employees where the duty of good faith and fair dealing is disregarded in favor of the profitability of Defendant.

29.   As a result Defendant's breach of their duty to deal fairly and in good faith, Plaintiff suffered damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

30.   Defendant's breach of the duty of good faith and fair dealing was intentional and malicious

31.   Punitive damages should be awarded against Defendant in an amount sufficient to punish Defendant.

WHEREFORE, Plaintiff, Kathryn Carter, prays for judgment against Defendant Safeco Insurance Company of America for an amount in excess of Seventy-Five

Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorney fees, and other relief which this Court deems just and equitable.

Respectfully submitted,

Simone Gosnell Fulmer, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
FULMER GROUP PLLC
1101 N. Broadway Ave., Ste 102
Oklahoma City, OK 73103
Phone/Fax:    (405) 510-0077
Email: sfulmer@fulmergrouplaw.com
hlujan@fulmergrouplaw.com
jrowe@fulmergrouplaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN**
**JURY TRIAL DEMANDED**



Eugene Carr (1922-1992)
Patrick E. Carr¹²
Michael Carr¹²
Guy A. Thiessen¹²¹
A. Laurie Koller¹²³
Raymond Allred¹⁴
Brian R. Huddleston, Of Counsel¹
Bryce A. Hill, Of Counsel¹
† - A Professional Corporation

Tye H. Smith¹
Brent D. Berry¹
Greg Smart¹
Stephen A. Dotter¹
Thomas K. Ventura¹
Gary R. Morris, Of Counsel¹
1 - Licensed in Oklahoma
2 - Licensed in Arkansas
3 - Licensed in Missouri
4 - Licensed in Texas

**OKLAHOMA CITY**

January 13, 2015

*FAXED JAN 13 2014*

<u>Sent Via Fax: (888) 268-8840</u>
Attn: 545751085040
Safeco Insurance Company
P.O. Box 515097
Los Angeles CA  90051-5097

Re:    Our Client/Insured:    Kathryn Carter
       Date of Injury:        December 18, 2014
       Claim No.:             545751085040
       Our File No.:          39439

Dear Claims:

   The firm of Carr and Carr Attorneys at Law has been retained by Kathryn Carter for representation in the incident described above.

   We believe there may be inadequate liability coverage for the third party involved, and that Uninsured/Underinsured Motorists coverage will become available to cover damages to our client caused by the third party's negligence. We are notifying you that our client may seek payment under this coverage.

   Please tell us what you believe to be the per person and per occurrence limit of each uninsured or underinsured insurance policy which affords coverage to our client. Also, please send us a copy of the declaration sheet or other part of the policy which identifies each and every person who is a named insured and the coverage's of the policy. If the insurance policy that your company issued does not provide for uninsured or underinsured motorist coverage for my client's damages, then please send me a copy of the part of the application or policy, which shows whether or not each named insured rejected this coverage in writing.

**OKLAHOMA CITY**
1350 S.W. 89ᵗʰ
Oklahoma City, OK 73159-6352
405.691.1800  800.296.6074
Fax 405.691.2128

**TULSA**
4416 South Harvard Avenue
Tulsa, OK 74135-2605
918.747.1000  800.777.4878
Fax 918.747.7284

**NORTHWEST ARKANSAS**
2002 South 48th Street, Suite D
Springdale, AR 72762
479.770.0613  800.777.4878
Fax 479.77

www.CarrCarr.com

**EXHIBIT**

**1**

Page 2
Claim No.:        545751085040

Also, please advise us of the limits of any medical payments coverage our client may have.

CARR & CARR, Attorneys at Law, is claiming its attorney lien on the proceeds of any settlement.

Very truly yours,
CARR & CARR, ATTORNEYS

Thomas K. Ventura
Attorney at Law



A Liberty Mutual Company

Safeco Insurance Company of America          Mailing Address:

January 22, 2015

Carr & Carr Attorneys At Law
4416 S Harvard Ave
Tulsa, OK  74135-2605

Insured Name:       Kathy J Carter
Policy Number:      Y7882842
Loss Date:          December 18, 2014
Claim Number:       545751085040

Dear Mr. Carr & Carr Attorneys At Law:

Thank you for your letter of representation dated January 22, 2015.  In order for us to better
understand Kathy J Carter's claim, we will need the following information and documentation:

- Copies of your client's medical bills for his/her treatment resulting from this accident.
- Copies of all medical records and reports relating to your client's treatment in connection
  with this loss.
- All wage loss documentation, including a statement from your client's employer, copies of
  previous paycheck stubs, or copies of his/her tax returns for the last 3 years.
- A medical authorization and wage authorization form signed by your client, along with the
  names and addresses of all medical providers and employers.
- The opportunity to obtain your client's recorded statement.  Please contact me so that we
  can arrange a time convenient to both you and your client.
- Copies of your client's medical records dated prior to this loss.

We look forward to receiving this information.  If you have any questions, please feel free to
contact us.

Sincerely,

Mark Walczyk
Casualty Specialist I
Safeco Insurance
P.O. Box 515097
Los Angeles, CA  90051-2097
Direct Dial: 636-326-8833
Safeco Insurance Company of America

**EXHIBIT**

**2**

RECEIVED

JAN 2 8 2015

CA1882 08/10

Eugene Carr (1922-1992)
Patrick E. Carr¹²
Michael Carr¹²
Guy A. Thiessen¹²†
A. Laurie Koller¹²³
Raymond Allred¹⁴
Brian R. Huddleston, Of Counsel¹
Bryce A. Hill, Of Counsel¹
† - A Professional Corporation



Attorneys at Law

OKLAHOMA CITY

Tye H. Smith¹
Brent D. Berry¹
Greg Smart¹
Stephen A. Dotter¹
Thomas K. Ventura¹
Gary R. Morris, Of Counsel¹
1 - Licensed in Oklahoma
2 - Licensed in Arkansas
3 - Licensed in Missouri
4 - Licensed in Texas

March 27, 2015

Kelly Bradford
Safeco
P.O. Box 515097
Los Angeles CA  90051-5097

RE:    Our Client/Insured:    Kathryn Carter
       D/O/L:                 December 18, 2014
       Your Claim No.:        545751085040
       Our File No.:          39439

Dear Ms. Bradford:

Enclosed you will find the following items documenting our damage claim:

       Schedule "A"- Medical Bills of Kathryn Carter
       Schedule "B"- Medical Records of Kathryn Carter

At this time, we are asking that Safeco evaluate this matter and make payment of UM policy limits as outlined in the *Burch v. Allstate* case.

If you have any questions, please give me a call.

Very truly yours,
CARR & CARR, ATTORNEYS

Thomas K. Ventura
Attorney at Law

Enclosure

OKLAHOMA CITY
1350 S.W. 89ᵗʰ
Oklahoma City, OK 73159-6352
405.691.1600  800.296.6074
Fax 405.691.2128

TULSA
4416 South Harvard Avenue
Tulsa, OK 74135-2605
918.747.1000  800.777.4878
Fax 918.747.7284

www.CarrCarr.com

NORTHWEST ARKANSAS
2002 South 48th Street, Suite D
Springdale, AR 72762
479.770.0613  800.777.4878
Fax 479.770.0754

EXHIBIT
3

**From:** Bradford, Kelly [mailto:Kelly.Bradford@Safeco.com]
**Sent:** Wednesday, April 22, 2015 7:33 PM
**To:** Tom Ventura
**Subject:** RE: Kathryn Carter, claim# 545751085040

Hi Tom,

Thanks for sending the CMS summary. I will still need the full
Conditional Payment Letter showing the breakdown of payments
made my Medicare as well as the reductions/adjustments taken on
any bills related to this accident.

I will review the demand you sent over so when you receive the
Conditional Payment Letter to forward over we won't be starting from
scratch on our evaluation.

Let me know if you have any additional questions. I'll follow up with
you in a few weeks if I haven't received the CPL.

Thanks!


*Kelly Bradford, AINS*
Casualty Claims Specialist
Safeco Insurance
PO Box 515097
Los Angeles, CA  90051
Direct Dial: 636-326-8825



EXHIBIT

4



PROUD PARTNER

**From:** Tom Ventura [mailto:tventura@carrcarrokc.com]
**Sent:** Thursday, April 23, 2015 1:47 PM
**To:** Bradford, Kelly
**Subject:** RE: Kathryn Carter, claim# 545751085040

Ms. Bradford,

I am unclear why the information requested below is necessary to evaluate Ms. Carter's claim under her uninsured motorist policy. Obviously my office intends to protect Medicare's interest in any settlement that might be reached in this matter and this request will cause a significant delay in resolving her claim.

Please advise for what purpose you require the reductions/adjustments from any bills paid by Medicare. I must assume Safeco is intending to reduce the UM evaluation based on any such reductions/adjustments. If my assumption is correct, please inform upon what legal authority such a reduction in your evaluation would be based.

Thank you,



# Carr&Carr
## Attorneys at Law

**Thomas K. Ventura**
**Trial Attorney**
1350 S.W. 89th Street
Oklahoma City, OK 73159
(405) 234-2113 (Direct)
(405) 234-2199 (Fax)
tventura@carrcarrokc.com

EXHIBIT
5

**From:** Bradford, Kelly [mailto:Kelly.Bradford@Safeco.com]
**Sent:** Friday, April 24, 2015 2:05 PM
**To:** Tom Ventura
**Subject:** RE: Kathryn Carter, claim# 545751085040

Tom,

In order for us to evaluate and resolve the claim, we have to protect Medicare's
interest and we aren't able to do so until we have the Conditional Payment Letter
confirming the lien amount.  Since you are not able to sign the release, we will have to
wait until we have a copy of the Conditional Payment Letter to complete our
evaluation of this case.  Please forward once received.

Thank you,

*Kelly Bradford, AINS*
Casualty Claims Specialist
Safeco Insurance
PO Box 515097
Los Angeles, CA  90051
Direct Dial: 636-326-8825



EXHIBIT

6

**From:** Bradford, Kelly [mailto:Kelly.Bradford@Safeco.com]
**Sent:** Tuesday, July 21, 2015 7:32 AM
**To:** Tom Ventura
**Subject:** RE: Claim # 545751085040 // Kathryn Carter

Thanks Tom! I'll finish up the evaluation and be in touch within the next few days to review and resolve the claim.

**EXHIBIT**

7

*Kelly Bradford, AINS*
Casualty Claims Specialist
Safeco Insurance
PO Box 515097
Los Angeles, CA  90051
Direct Dial: 636-326-8825

---

**From:** Tom Ventura [mailto:tventura@carrcarrokc.com]
**Sent:** Monday, July 20, 2015 4:35 PM
**To:** Bradford, Kelly
**Subject:** RE: Claim # 545751085040 // Kathryn Carter

I apologize, I thought it had been forwarded.  We received it a few days ago.  It is attached.

**Thomas K. Ventura**
**Trial Attorney**
1350 S.W. 89th Street
Oklahoma City, OK  73159
(405) 234-2113 (Direct)
(405) 234-2199 (Fax)
tventura@carrcarrokc.com

---

**From:** Bradford, Kelly [mailto:Kelly.Bradford@Safeco.com]
**Sent:** Monday, July 20, 2015 4:28 PM
**To:** Tom Ventura
**Subject:** Claim # 545751085040 // Kathryn Carter

Hi Tom,

Any updates on the status of the Conditional Payment Letter from Medicare for client Kathryn Carter?

*Kelly Bradford, AINS*
Casualty Claims Specialist

Safeco Insurance
PO Box 515097
Los Angeles, CA  90051
Direct Dial: 636-326-8825